# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00442-CV

**Mark Thomas Cave, Appellant**

**v.**

**Kensington Apartments Austin, LP d/b/a Kensington Apartments, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-24-001228, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Mark Thomas Cave, proceeding pro se, has appealed the trial court's judgment, following a jury trial, finding him liable for forcible detainer of an apartment that he had leased from appellee Kensington Apartments Austin, LP d/b/a Kensington Apartments (Kensington). The judgment awarded Kensington possession of the leased premises, unpaid rent, and attorney's fees. In what we have identified as four issues on appeal,[1] Cave asserts that: (1) the eviction suit was premature and violated the 30-day notice provision in the federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act); (2) the notice failed to include information required by the CARES Act; (3) the notice included an "erroneous itemized breakdown of the amount owed" by Cave, also in violation of the CARES Act; and (4) the name

---

[1] Cave's brief is inadequate in that it fails to include a statement of the case, a statement of facts, and a list of the issues presented, among other deficiencies. *See* Tex. R. App. P. 38.1. We have identified Cave's issues on appeal by construing his brief liberally as we are required to do. *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

of the plaintiff in the eviction notice does not match the name of the plaintiff in the judgment that was issued by the justice court, a discrepancy that Cave contends deprived Kensington of standing to proceed with the eviction in the trial court and resulted in "discrepancies in factual allegations" between the justice-court proceedings and the trial de novo. We will affirm the trial court's judgment.

## BACKGROUND

In November 2022, Cave signed a one-year lease to rent an apartment from Kensington. According to the terms of the lease, rent was due on or before the first day of each calendar month, but Cave failed to pay rent every month except for December 2022, the first month Cave lived there. On December 12, 2023, Kensington delivered to Cave a notice to vacate the premises and on January 11, 2024, filed an eviction suit in justice court. Following a bench trial, the justice court rendered judgment for Kensington. However, the written judgment did not include its full legal name, Kensington Apartments Austin, LP, instead referring to it as Kensington Apartments. A nunc pro tunc judgment, which appeared to be issued on the same date, added "LLC" at the end of its name and misspelled Kensington as "Kensinton."

Cave filed a notice of appeal from the justice court's judgment in the County Court at Law No. 1 of Travis County and requested a jury trial. Kensington, using its full legal name, Kensington Apartments Austin, LP d/b/a Kensington Apartments, subsequently filed a "first amended original petition for forcible detainer" in the trial court. In the amended petition, Kensington addressed the discrepancies between its name in the justice court's judgment and its legal name:

2

4.  KENSINGTON APARTMENTS AUSTIN, LP ("KENSINGTON"), Plaintiff, is the owner of the Leased Premises and is entitled to prosecute this eviction.

**Plaintiff's Ownership Succession**

5. <u>Kensington Apartments, LLC</u>. In the introductory paragraphs of the Lease, due to a typographical error by Plaintiff and/or its agents, the party listed as Owner is "Kensington Apartments, LLC." This was a mistake. Plaintiff does not own the entity listed as Kensington Apartments, LLC, which is listed under Filing Number 802056510 with the Texas Secretary of State. A true and correct copy of this entity filing information is attached hereto and incorporated herein as Exhibit "2."

6. Plaintiff committed an additional typographical error when it filed its Original Petition with this Honorable Court, dated January 11, 2024, by listing the Petitioner as "Kensington Apartments, LLC," the name of the same entity which erroneously appears as Owner on the Lease between the Parties. This first amended petition corrects the error in the handwritten name of the petitioner on the original petition filed in this lawsuit.

7. <u>Kensington Apartments Austin, LLC</u>. Moreover, the Owner should have been listed as "Kensington Apartments Austin, LLC" on the Lease contract. This is because at the time the Lease was entered into between the Parties, on or about November 29, 2022, the Owner of KENSINGTON was "Kensington Apartments Austin, LLC." A true and correct copy of the Special Warranty Deed that memorializes Kensington Apartments Austin, LLC's ownership interest beginning on June 30, 2022, is attached hereto and incorporated herein as Exhibit "3" for all intents and purposes.

. . . .

9. Kensington Apartments Austin, LLC remained the Owner of KENSINGTON (and, therefore, of the Leased Premises) until July 28, 2023.

10. <u>Kensington Apartments Austin, LP</u>. Effective on July 28, 2023, Kensington Apartments Austin, LLC, a Texas limited liability company (as "Grantor") granted, conveyed, assigned, and delivered to Kensington Apartments Austin, LP, a Texas limited partnership (as "Grantee") its interest in KENSINGTON. A true and correct copy of the Special Warranty Deed by and between Kensington Apartments Austin, LLC and Kensington Apartments Austin, LP is attached hereto and incorporated herein as Exhibit "5" for all intents and purposes. . . .

3

11. It is from this position that this above-captioned lawsuit begins. Specifically, the 30-day notice to vacate for nonpayment of rent, which was delivered to Defendant CAVE, pursuant to Section 24.005 of the Texas Property Code, dated December 12, 2023, was given by the current ownership entity, Kensington Apartments Austin, LP. Based on the ownership timeline explained above and the fact that Kensington Apartments Austin, LP is the lawful owner of the Leased Premises as of July 28, 2023, Kensington Apartments Austin, LP alone has standing to pursue the current forcible detainer action against CAVE and All Occupants.[2]

The case proceeded to a trial de novo, at which two witnesses testified for Kensington. Tisha Vaidya, a representative of the group that owned Kensington, testified that Cave had paid one month's rent in December 2022 but that he had "not paid one dollar of rent since then."

Kristin Mendoza, a representative from the property-management company that managed Kensington, testified that she was familiar with Cave's tenancy and that his occupancy of the premises was based on a written lease, a copy of which was admitted into evidence. The terms of the lease required Cave to pay rent to Kensington on the first day of each month in the amount of $880 per month. The lease term began on December 1, 2022, and ended on

---

[2] The petition does not explain the misspelling of Kensington as "Kensinton," but the misspelling appears to be the result of a handwritten typographical error in the eviction petition, which an agent for Kensington filed in the justice court. Cave asserts that this misspelling was intentional and part of an effort by Kensington to commit fraud, but the record contains no evidence of that.

The record does reflect that while this case was pending in the trial court, Cave filed in the trial court a "notice of nonsuit with prejudice" using the name "Kensinton Apartments, LLC," which resulted in the case being "automatically designated as dismissed and disposed" on the trial court's docket. However, after the trial court learned that the notice of nonsuit had not been filed by Kensington's counsel, it issued an order declaring the nonsuit void and reinstated the case under the style "KENSINGTON APARTMENTS AUSTIN, LP D/B/A KENSINGTON APARTMENTS V. MARK CAVE AND ALL OCCUPANTS." Cave later filed a "second amended petition," again using the name Kensinton, in which he attempted to have the case against him dismissed. The trial court did not act on this filing.

November 30, 2023. After that, it was converted to a month-to-month lease. Mendoza testified that Cave had paid rent in December 2022, the first month of the lease, but that he had defaulted on his lease by failing to pay rent beginning in January 2023 and every month thereafter. According to Mendoza, the total amount of rent that Cave owed to Kensington at that time was $15,571. Based on Cave's nonpayment of rent, a member of the management team delivered a notice to vacate the premises on December 12, 2023. Mendoza testified that the notice to vacate was posted to Cave's door in an envelope as well as delivered to him via certified mail. A copy of the notice was admitted into evidence, as was a photograph showing the notice posted to Cave's door and a certified mail receipt showing that Cave received notice. Mendoza also provided testimony regarding Kensington's legal name and ownership succession, consistent with the representations made by Kensington in its amended petition, summarized above. Copies of the legal documents verifying Mendoza's testimony were admitted into evidence.

Cave also testified. He recounted that he moved into the apartment in November 2022 and described the circumstances surrounding his stay. He attempted to testify as to the legal reasons why he believed that the eviction proceedings were invalid, including that Kensington had violated the 30-day notice provision in the CARES Act and failed "to identify themselves properly" in the eviction petition.[3] The trial court repeatedly instructed Cave that he should not argue the law to the jury and asked him to stay focused on relevant factual issues. Cave failed to do so, and the trial court sustained multiple objections to his testimony. On cross-examination, when asked if he had agreed to pay rent to live in the apartment, Cave acknowledged that the lease he signed had "provisions about the payment of rents and certain

---

[3] Cave had also argued before trial began that the case should be dismissed because Kensington had failed to properly identify itself. The trial court denied the motion to dismiss.

time periods." When asked if it was his testimony that he had paid the rent that he owed to Kensington, Cave testified, "No. My testimony today is that the owner has committed massive lease fraud."

At the conclusion of trial, the jury found by a preponderance of the evidence that Cave had failed to comply with the apartment lease contract, that Kensington was entitled to possession of the premises, that Cave owed Kensington rent in the amount of $15,751.91, that Kensington's reasonable and necessary attorney's fees through trial were $14,865.00, and that Kensington's contingent reasonable and necessary attorney's fees post-trial and on appeal were $11,500.00. The trial court rendered judgment in accordance with the jury's verdict. This appeal followed.[4]

## DISCUSSION

### CARES Act

In his first issue, Cave asserts that the notice of eviction violated the 30-day notice requirement in the CARES Act. In his second issue, Cave asserts that the notice failed to include language required by the CARES Act, such as identifying the property as a "covered dwelling," "specifying the date by which payment must be made to avert eviction," and including "guidance on how to remedy nonpayment." In his third issue, Cave asserts that the notice violated the CARES Act by including an "erroneous itemized breakdown of the amount owed," including sums that he claims were already awarded to Kensington in a prior eviction suit.[5]

---

[4] Kensington has not filed an appellee's brief.

[5] The record contains sparse information regarding this prior eviction suit, but in its amended petition, Kensington provided the following information about the prior suit:

6

We first address the alleged 30-day notice violation. The CARES Act provided various protections for homeowners from foreclosure and tenants from eviction during the COVID-19 pandemic. Among those protections was a 120-day moratorium on eviction filings for covered dwellings,[6] which began on March 27, 2020. *See* Pub. L. No. 116-136, § 4024(b), 134 Stat. 281, 492 (2020) (codified at 15 U.S.C. § 9058(b)). Another protection, connected to the moratorium, was a notice provision that the lessor of a covered dwelling unit: "(1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate"; and "(2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b)." *Id.* § 4024(c), 134 Stat. at 494 (codified at 15 U.S.C. § 9058(c)).

Although many of the provisions of the CARES Act have expired, including the 120-day eviction moratorium, the 30-day notice requirement was not subject to an expiration date. Thus, courts in other jurisdictions that have considered its continuing applicability have

KENSINGTON previously filed a forcible detainer action against CAVE in this Honorable Court for nonpayment of rent which covered some of the same months' rent which remain due, owing, and unpaid in the current eviction action. KENSINGTON dismissed the lawsuit in November 2023 due to technical issues which were discovered while the eviction was pending on appeal. Importantly, the default for nonpayment of rent which formed the basis of the previously dismissed lawsuit (Kensington Apartments Austin, LLC d/b/a Kensington Apartments v. Mark Cave; Cause No. C-1-CV-23-003102) was never cured by CAVE.

[6] Kensington acknowledged in its amended petition that "the Leased Premises are a covered dwelling under the CARES Act."

held that it remains in effect today.[7] *See, e.g.*, *MIMG CLXXII Retreat on 6th, LLC v. Miller*, 16 N.W.3d 489, 493-95 (Iowa 2025) (collecting and summarizing cases). Assuming without deciding that it does, the record reflects that Kensington complied with the requirement. The notice to vacate was delivered to Cave on December 12, 2023, and Kensington filed its eviction suit on January 11, 2024, which is 30 days after December 12, 2023.[8]

We overrule Cave's first issue.

Cave's complaints in his second and third issues regarding the information that he contends was omitted from the notice to vacate, in violation of the CARES Act were not raised in the court below and thus were not preserved for our review. *See* Tex. R. App. P. 33.1(a)(1). We overrule Cave's second and third issues.

**Discrepancies in Kensington's name**

In his fourth issue, Cave asserts that because of the discrepancies in Kensington's name between the justice-court documents and the trial-court documents, Kensington lacked standing to proceed with the eviction in the trial court. Cave further asserts that as a result of the discrepancies, "[t]he original Petition submitted to [the justice court] presents an entirely different set of facts than those submitted to" the trial court.

---

[7] No Texas court of which we are aware has considered this issue.

[8] Cave also argues that the notice to vacate gave him until 11:59 p.m. on January 11, 2024, to vacate the premises and that consequently, the eviction suit should not have been filed earlier that day. Cave did not raise this argument in the court below and thus failed to preserve this issue for review. *See* Tex. R. App. P. 33.1(a)(1). Additionally, the record does not reflect that the filing of the eviction suit earlier in the day on January 11 harmed Cave or prejudiced his rights in any way. We note that the eviction suit was not tried in the justice court until January 29, 2024.

Cave is incorrect about the legal significance of the discrepancies. The discrepancies amount to nothing more than a misnomer, which "occurs when a party misnames itself or another party, but the correct parties are involved." *In re Greater Hous. Orthopedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam); *see also Chen v. Breckenridge Ests. Homeowners Ass'n, Inc.*, 227 S.W.3d 419, 421 (Tex. App.—Dallas 2007, no pet.) ("A plaintiff misnaming itself is a misnomer."). "Courts are flexible in these cases," especially when the misnomer involves the plaintiff misnaming itself rather than misnaming the defendant. *Greater Hous. Orthopedic Specialists, Inc.*, 295 S.W.3d at 326. "Courts generally allow parties to correct a misnomer so long as it is not misleading." *Id.* at 325. Moreover, an amended pleading correcting a misnomer "relates back to the filing of the original petition." *Reddy P'ship/5900 N. Freeway LP v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373, 377 (Tex. 2012). "When the correct party sues or is sued under the incorrect name, 'the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.'" *Id.* at 376 (quoting *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 702 (Tex. App.—Fort Worth 2001, no pet.)). "A misnomer does not invalidate a judgment as between parties where the record and judgment together point out, with certainty, the persons and subject matter to be bound." *Chen*, 227 S.W.3d at 420. Nor does a misnomer result in a party losing standing to sue. *See Polk v. Seven Thirds Holdings, LLC*, No. 06-20-00033-CV, 2020 WL 7483955, at *6 (Tex. App.—Texarkana Dec. 21, 2020, no pet.) (mem. op.) ("The distinctive quality of the misnomer cases is that the plaintiff who intended to sue owned the cause of action when the suit was filed, i.e., it had standing to bring the suit, but misnamed itself.").

In this case, although the original eviction petition and the justice-court judgment misnamed Kensington, Kensington's amended petition and the trial court's final judgment corrected the misnomer. The record and judgment together point out, with certainty, the parties and subject matter to be bound in this eviction suit. Moreover, there is no evidence in the record that Cave was misled as to Kensington's identity because of the misnomer or that the misnomer disadvantaged him in any way. Contrary to Cave's contention, the misnomer did not result in "an entirely different set of facts" being presented to the trial court. The evidence showed that Cave failed to pay rent to Kensington as required by the terms of the lease. The misnomer did not alter that evidence in any way. *See Diaz v. Multi Serv. Tech. Sols. Corp.*, No. 05-17-00462-CV, 2018 WL 6521916, at *4 (Tex. App.—Dallas Dec. 12, 2018, no pet.) (mem. op.) (concluding that "[b]ased on the record as a whole, it is clear that the correct parties were involved in the suit, although [the plaintiff] was incorrectly named . . . at the beginning," and further concluding that "as a result of the misnomer, suit was filed by a party with standing to sue and the court acquired jurisdiction").

We overrule Cave's fourth issue.

**CONCLUSION**

We affirm the trial court's judgment.[9]

_____

Gisela D. Triana, Justice

---

[9] Cave has filed a motion to expedite this Court's decision. We dismiss that motion as moot.

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   July 24, 2026